**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| AMY COWAN, personal representative of the Christopher Cowan Estate, on behalf of the next-of-kin of CHRISTOPHER COWAN, deceased,<br><br>    Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS CORPORATION,<br><br>    Defendant. | Case No. 06-1330-MLB |

## PROTECTIVE ORDER

This matter came before the Court on the Stipulation of counsel for plaintiff Amy Cowan, personal representative of the Christopher Cowan Estate, and counsel for defendant General Motors Corporation ("GM") for the entry of an Order governing the disclosure and handling of documents that GM considers confidential.

This is a product liability action in which plaintiff personal representative alleges that Christopher Cowan was killed when his 2003 Chevrolet Silverado pickup truck left the roadway and rolled over. Plaintiff further alleges that the roof and roof support structure of the subject vehicle were defectively designed and manufactured by defendant GM, such that the roof crushed excessively during the rollover, causing the injuries that resulted in Christopher Cowan's death. Plaintiff's attorneys have requested documents, including documents created and stored electronically, from GM regarding the design and manufacture of the subject vehicle. The requested materials include roof design documents, roof tests, and other technical materials that GM claims: (1) contain trade secrets or other confidential research, development, or commercial information; (2) these materials represent a significant investment by defendant GM; and (3)

their disclosure to third parties or persons not connected to this litigation may cause competitive disadvantage to GM.  In view of these claims by GM, good cause exists for the issuance of a Protective Order pursuant to Fed. R. Civ. P. 26(c)(7) governing the production, disclosure, and distribution of documents and materials that defendant GM claims to contain trade secrets or other confidential research, development, or commercial information..

The Court, being duly advised, now ORDERS:

1. Defendant GM may designate documents, materials, and other items of discovery or information produced or disclosed to plaintiff as being confidential and subject to Protective Order, which designation shall make such documents and materials and all copies, prints, factual summaries (documents which quote verbatim from a confidential document or which restate the substance or content of the confidential document), or other reproductions of such documents and materials subject to this Order.  All such documents and materials or other tangible items produced by GM shall be clearly stamped or labeled to indicate that such material is subject to Protective Order, and testimony, electronically created or stored information, or other types of information based upon or containing such confidential documents and materials or tangible items shall be similarly designated in clear terms.  The stamping and labeling of such documents and materials as subject to this Protective Order will be made in the margin of the documents and materials so as to not obscure or mutilate the text or contents of documents and materials in the original or any copies.

2. Defendant GM shall designate as being confidential under Protective Order only such documents and materials which it has determined in good faith to, in fact, constitute or contain a trade secret or other confidential research, development, or commercial information pursuant to Fed. R. Civ. P. 26(c)(7) and applicable case law.

3. Documents, materials, and other items produced subject to this Protective Order may be disclosed only to (a) a party, (b) attorneys for a party and their paralegal and clerical staffs, and (c) experts retained by a party for assistance in trial preparation or for testimony. Disclosure shall be made to such persons only as necessary for the prosecution of this lawsuit and only after the person to whom disclosure is made has been provided with a copy of this Order and has agreed to be bound by it. In the case of experts retained by a party, acknowledgement of this Order and of the expert's agreement to be bound by it shall be in writing addressed to and maintained by the retaining party's counsel. Designated documents, materials, and other items shall not be disclosed to any person or in any manner not specified in this Order or used for any purpose other than the prosecution of this lawsuit.

4. In the event that any attorney in other litigation involving a product and issues that are substantially similar to those in this case requests access to any document or item that has been designated as confidential pursuant to this Order, such other attorney shall be directed to contact GM's Minneapolis counsel for the purpose of confirming whether they are involved in other litigation involving a substantially similar product and issues. GM's Minneapolis counsel may be contacted by U.S. Mail or e-mail directed to the following addresses:

| U.S. Mail | E-mail |
|---|---|
| Kent B. Hanson, Esq. | khanson@hmbglaw.com |
| Hanson Marek Bolkcom & Greene | |
| 527 Marquette Avenue, Suite 2300 | |
| Minneapolis, MN  55402 | |

After that confirmation has occurred, GM's counsel will have the option either: (1) to provide such attorney with copies of the confidential documents or materials subject to a protective order to preserve their confidentiality, or (2) to authorize plaintiff's counsel in this case to make the confidential items available to such other attorney, provided that the other attorney first executes

the affidavit attached to this Order as Exhibit A, agreeing to be bound by the terms of this Protective Order.  Such other attorney's executed affidavit shall be maintained by plaintiff's counsel in this case, with a copy provided to defendant GM's counsel before any confidential items are made available to such other attorney.  For purposes of this paragraph, "other litigation involving a substantially similar product and issues" means a case in suit, or a case in which a claimant's counsel has a signed contract for representation although suit has not yet been filed, where it is alleged that a defect in the roof of a 1999-2007 GMT800 standard or extended cab pickup truck (Chevrolet Silverado or GMC Sierra) caused injury to a vehicle occupant.

   5.  To the extent documents, materials, or other items subject to this Protective Order are used in the taking of depositions, such documents, materials, or other items shall remain subject to the provisions of this Order.  GM need take no further action to preserve the protected status of protected documents, materials, or other items used in the taking of depositions.  Within 15 days after receipt of the transcript of any deposition, GM shall designate in writing any portions of the deposition GM asserts reveal the contents of protected documents, materials, or other items.  Any such designation can be challenged pursuant to Paragraph 7.  Prior to the expiration of 15 days after receipt of the transcript, the entire transcript shall be treated as containing protected documents, materials, or other items.

   6.  The parties shall act to preserve the confidentiality of designated documents, materials, or other items.  If a party wishes to file a designated document, material, or other item with the Court, the party seeking to file such documents, materials, or other items must first file a motion with the Court and be granted leave to file the particular document under seal, pursuant to Guideline 3 of the Guidelines for Agreed Protective Orders for the District of Kansas.

7. The burden of proving that documents, materials, or other items contain a trade secret or other confidential research, development, or other commercial information entitled to protection pursuant to Fed. R. Civ. P. 26(c)(7) and applicable case law is on GM.  In the event that plaintiff disagrees with defendant GM's designation of any document, material, or other item as being confidential under this Order, plaintiff will serve a written notice to defendant GM. Upon receipt of the written notice GM shall, within 15 days, file an appropriate motion and set a hearing with this Court for the purpose of determining whether said documents, materials or other items are confidential and entitled to protection pursuant to Fed. R. Civ. P. 26(c)(7).  The documents, materials, or other items so marked as confidential will continue to be treated as such pending determination by the Court as to their confidential status.

8. If any party wishes to modify this Protective Order, the parties shall first request such modification from each other, and, if no satisfactory agreement is reached, may petition the Court for modification at any time prior to termination of this lawsuit.  Modification of this Order after termination of this lawsuit, by judgment, settlement or otherwise, shall not be permitted.  Until modification is granted by agreement or order, the terms of this Order will govern.

9.  This Protective Order shall not apply to the disclosure of protected documents, materials, or other information contained therein at the time of trial, through the receipt of protected documents, materials, or other items into evidence or through the testimony of witnesses.  The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court.  These issues may be taken up as a separate matter upon the motion of any of the parties prior to trial.

10. This Protective Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

11. This Protective Order shall not preclude the Court or its personnel from reviewing any document, material or information designated as confidential as necessary for the conduct of this litigation.

12. This Court's jurisdiction to enforce this Protective Order will terminate upon final disposition of the case. Either party may seek leave to reopen the case to enforce the provisions of this Order.

13. Upon reaching agreement upon settlement terms, or upon termination of this lawsuit by judgment, settlement or otherwise (whichever occurs first), counsel for plaintiff shall be allowed to retain possession of any confidential documents submitted by defendant GM pursuant to the discovery process in this case for a period of two years, after which counsel for plaintiff shall return to defendant GM through its counsel of record, all documents and information subject to this Order, including all copies, prints, factual summaries (documents which quote verbatim from a confidential document or which restate the substance or content of the confidential document), and other reproductions of such information, in the possession of the plaintiff, the plaintiff's counsel and staff, and the plaintiff's retained experts. Alternatively, at the option of counsel for defendant GM, counsel for plaintiff may destroy all documents and information subject to this Order, including all copies, prints, factual summaries (documents which quote verbatim from a confidential document or which restate the substance or content of the confidential document), and other reproductions of such information, in the possession of the plaintiff, the plaintiff's counsel and staff, and the plaintiff's retained experts. Counsel for plaintiff will certify in writing to defendant's counsel that this Order has been complied with and

will disclose the names of all experts to whom information was disclosed.  Each retained expert will also certify in writing to defendant GM's counsel that this Order has been and will be complied with in the form of the affidavit attached hereto as Exhibit A.

Dated this __30th__ day of ____July____, 2007.

                                                  s/  Donald W. Bostwick
                                       UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

STATE OF _____)
                                       )ss.
COUNTY OF _____)

I, _____, hereby affirm that I have read the Protective Order entered in the above-entitled matter, <u>Amy Cowan v. General Motors Corporation</u>, dated _____. I agree to be bound by the terms of that Protective Order, and have fully complied with all of its terms and provisions.

                                                              _____
                                                              Affiant

Subscribed and sworn to before me
this \_\_\_\_ day of _____, 200\_\_.