## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| AMY COWAN, personal representative of the Christopher Cowan Estate, on behalf of the next-of-kin of CHRISTOPHER COWAN, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 06-1330-MLB |
| GENERAL MOTORS CORPORATION, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

### ORDER

Before the Court are the following motions, responses and replies:

1.    Plaintiff's Motion to Compel and supporting memorandum (Doc's 25, 26);  Defendant General Motors' Response (Doc. 32); and Plaintiff's Reply (Doc. 38).

2.    Plaintiff's Motion to Amend Scheduling Order (Doc. 27); Defendant General Motors' Response (Doc. 33); and Plaintiff's Reply (Doc. 39).

3.    Defendant General Motors' Motion to Compel (Doc. 30);  Plaintiff's Response (Doc. 34);  and Defendant General Motors' Reply. (Doc.

1

40).

The Court set the motions for argument (Doc. 41) which was held on September 11, 2007.  Plaintiff appeared through counsel Lynn R. Johnson and Douglas Bradley.  Defendant appeared through counsel Kent B. Hanson.  After hearing arguments of counsel, the Court ruled on the motions and stated its reasons for the rulings.  This Order will outline the rulings made orally at the hearing.

1.    *Plaintiff's Motion to Compel (Doc. 25).*

Pursuant to the Court's *Guidelines for Discovery of Electronically Stored Information*, Plaintiff wrote to Defendant on January 3, 2007, immediately before the parties' planning meeting, and outlined documents that Plaintiff would be requesting be produced in electronic format.  Thereafter, on March 30, 2007, the parties served their Rule 26(a)(1) disclosures.  At that time, Defendant wrote to Plaintiff stating that it would not be producing many of the documents outlined in Plaintiff's January 3, 2007 letter.  Further discussions took place and correspondence was exchanged concerning these documents, but Plaintiff never served a Rule 34 document request on Defendant seeking the documents it had identified in its January 3 letter.  Plaintiff then filed the present motion to compel.

While Plaintiff might have filed a motion to compel pursuant to Rule 37(a)(2)(A), if she believed that Defendant's disclosures were incomplete or

evasive, that is not the basis of the present motion to compel.  Moreover,

Defendant points out that it was not under an obligation to identify the documents

in Plaintiff's January 3 letter as part of Defendant's Rule 26(a)(1)(B) disclosure

because Defendant does not intend to use those documents "to support its claims or

defenses" in this case.  There has developed a dispute as to precisely what

documents, if any, Defendant might have in electronic format.  That is precisely

the information that the Court's *Guidelines for Discovery of Electronically Stored

Information* is designed to develop early in a case.

On August 31, 2007, Plaintiff served a document request on Defendant

pursuant to Rule 34 seeking some, if not all, of the documents previously described

in her January 3 letter.  *See* Doc. 37.  Defendant has not yet responded to this

request and the time for doing so has not yet expired.

Because there is not a ripe discovery request in dispute, the Court DENIED

Plaintiff's Motion to Compel, without prejudice to renewal after the procedures for

resolving any remaining issues concerning production of electronically stored

information have been addressed as outlined in a revised scheduling order.

## 2.     *Plaintiff's Motion to Amend Scheduling Order (Doc. 27).*

At the same time she filed her motion to compel, Plaintiff filed this motion

to extend the scheduling order by extending all unexpired deadlines by

approximately six months.  The Court GRANTED in PART and DENIED in

PART this motion, as follows:

    a.    None of the expired deadlines are being extended by this Order.

        Thus, the time for motions to join additional parties and to amend the

        pleadings, the time for motions to dismiss for lack of personal

        jurisdiction, venue, propriety of the parties or failure to state a claim,

        and the time for identification of comparative fault have all expired

        and are not extended.

    b.    Plaintiff has identified four experts she intends to use: an accident

        reconstructionist, an economist, a bio-mechanical expert, and Mr.

        Mundo, a liability expert.  Plaintiff has provided reports for the

        accident reconstructionist (Doc. 31) and the economist.  Not later than

        **November 15, 2007**, Plaintiff shall serve her expert disclosures for

        her bio-mechanical expert.  The deadline for serving disclosures

        concerning Mr. Mundo is deferred pending completion of the other

        items in this Order concerning production of electronically stored

        information.

    c.    Defendant's response to Plaintiff's current Rule 34 document request

        is to be served on or before **October 3, 2007.**  Any motion to compel

concerning that request shall be filed on or before **October 19, 2007.** While this is a shortened time period, the parties will still be expected to meet and confer in an attempt to resolve any disputes as required by D. Kan. Rule 37.2 prior to the filing of such motion.  Any response to the motion to compel shall be filed on or before **November 2, 2007,** and any reply shall be filed on or before **November 16, 2007.**  The Court expects the parties to support any motion and response with affidavits where necessary, particularly where any claim is made that the requested documents do not exist, or do not exist in electronic format.

d.    After reviewing any motion and response, the Court will determine whether it is necessary or helpful to the Court to allow some LIMITED discovery related to the precise electronic materials which are available as well as any document retention policies which may govern any destruction of electronic materials.  This may include a possible deposition of a representative of Defendant, and may include a limited deposition of Mr. Mundo concerning his proposed method of use of any electronically requested documents.

e.    After the Court has ruled on any discovery dispute concerning

electronically stored materials, it will establish a revised schedule for
Mr. Mundo's expert disclosures, all of Defendants' expert disclosures,
and any rebuttal experts.  The Court will also set a revised date for
preliminary witness disclosures, discovery cutoff , submission of a
proposed pretrial order, and will re-set a date for a final pretrial
conference before Judge Belot.  Before setting the dates outlined in
this paragraph, the Court may schedule another status conference with
counsel, either in person or by telephone, to address any timing
problems related to the setting of new deadlines.

**3.      Defendant General Motors' Motion to Compel (Doc. 30).**

This motion was GRANTED in PART and DENIED in PART as follows:

a.      Plaintiff is not required to answer Interrogatories 14 and 15 since
Plaintiff has withdrawn any claim of misrepresentation and express
and implied warranty.

b.      Plaintiff will be required to supplement her answers to Interrogatories
16 and 17 to identify the "principal and material" facts sought by
these interrogatories.[1]

---

[1]  Plaintiff advised the Court that she has recently supplemented her answers to
Defendant's First Set of Interrogatories.  If those supplemental answers do not provide the
information required as a result of the September 11 hearing, Plaintiff shall further

c.    As to Interrogatory 18, Plaintiff is to identify any GM-authored documents concerning allegations in Plaintiff's First Amended Complaint that Plaintiff may use to support her claims in this case (but not documents to be used solely for impeachment).

d.    Plaintiff shall identify the alleged substantially similar complaints required by Interrogatory 19.  If Plaintiff has no such information it shall so state.

e.    Plaintiff shall produce the documents described by Request 8 as to any "principal and material" facts which Plaintiff identifies in answer to the related interrogatories.

f.    As to Interrogatories 9 and 10, Plaintiff shall produce documents identified in those requests which Plaintiff may use to support her claims in this case (but not documents to be used solely for impeachment).

g.    Plaintiff shall produce the documents identified in Request 11.  If Plaintiff has no such documents, it shall so state.

To the extent that Plaintiff's previous supplementation, *see* note 1, has not provided the information required by this Order, those discovery requests shall be

supplement her answers.

further supplemented on or before **October 3, 2007.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 12th day of September, 2007.


   s/ DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge